OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, James Brown, appeals the decision of the Mahoning County Court of Common Pleas which found him guilty of aggravated robbery and attempted aggravated murder and sentenced him accordingly. Brown's appellate counsel has filed a no-merit brief and seeks to withdraw as counsel. Brown has failed to assign any errors pro se. Because Brown has no assignment of error that could arguably support an appeal, this appeal is wholly frivolous. Counsel's motion to withdraw is granted and the trial court's judgment is affirmed.
 Facts {¶ 2} At about 2:30 in the morning on June 3, 2000, Clyde Robinson was leaving a nightclub where he worked when he ran into a friend. He had not been drinking and was not under the influence of drugs. He stopped to talk to his friend on the sidewalk when a car approached. The man in the car, Brown, was trying to get Robinson's attention and after a short conversation Robinson agreed to get into Brown's vehicle. The two drove away, but soon Robinson became uncomfortable with the situation and asked to be taken back to his car.
 {¶ 3} Brown eventually pointed a firearm at Robinson and pulled the car into a dark side street. He ordered Robinson out of the car and got out of the vehicle himself. The entire time he was pointing the firearm at Robinson. Brown then demanded that Robinson give him all of his money. Robinson replied that he had no money. Brown then frisked him and took his car keys. Brown then demanded that Robinson give him his ring. When Robinson refused, Brown shot him four times. At least one of those shots was to the head. Robinson's wounds were not mortal and he was eventually treated for those wounds at a hospital.
 {¶ 4} Robinson spoke to police officers about the incident on June 5, 2000, while he was recuperating in the hospital. The officers asked Robinson to come into the station and make a formal statement when he was released. Based on the information Robinson provided to the police in the hospital, the police found Brown and an associate driving Robinson's car on June 6, 2000. The next day, on June 7, 2000, Robinson made his formal statement. He was also presented with a photographic lineup containing Robinson's photograph. Robinson identified Brown as the attacker.
 {¶ 5} On July 6, 2000, the Mahoning County Grand Jury indicted Brown on two charges, aggravated robbery and attempted aggravated murder. Each of these charges were first degree felonies and contained firearm specifications. Brown was arraigned and pled not guilty. At the time of Brown's arraignment, he was represented by counsel. On August 2, 2000, Brown waived his statutory and constitutional rights to a speedy trial.
 {¶ 6} On August 22, 2000, Brown moved to suppress Robinson's identification of him in the photographic lineup. After other proceedings including the trial court's decision to grant Brown's motion for a polygraph examination, Brown filed another motion to suppress on April 27, 2001. The trial court heard the motions to suppress on June 21, 2001, and denied the motion in a judgment entry filed on June 25, 2001. The case was then set for trial on August 22, 2001.
 {¶ 7} On August 15, 2001, Brown entered into a plea agreement. According to the terms of the plea agreement, Brown agreed to plead guilty to each felony count and one of the firearm specifications. In exchange, the State agreed to nolle the other firearm specification. The parties did not agree on a recommended sentence. The trial court held a change of plea hearing the same day and accepted Brown's guilty plea.
 {¶ 8} After a presentence investigation report was prepared, the trial court held a sentencing hearing on November 19, 2001. At that sentencing hearing, the trial court determined that Brown had an extensive criminal history and had previously served a prison term. It noted that Brown committed this offense only sixty-eight days after he was released on parole. It concluded that Brown posed the greatest likelihood of committing future crimes and consecutive terms were necessary to punish him and protect the public. Accordingly, it sentenced Brown to eight years imprisonment for each count, less than the maximum of ten years, three years on the firearm specification, and ordered that the terms for the felonies run concurrently, but consecutive to the term for the firearm specification. Finally, the trial court ordered the sentence it was imposing be served consecutive to the time Brown was serving for a parole violation.
 {¶ 9} On appeal, Brown was appointed new counsel. But on August 7, 2003, counsel filed a brief where he stated he could find no matters which could arguably support an appeal and his belief that this appeal is frivolous. Pursuant to Anders v.California (1967), 386 U.S. 738, his attorney then moved to withdraw as appellate counsel. This court granted Brown thirty days to file a pro se brief listing any assignments of error he chooses. Brown failed to file such a brief.
 Toney Analysis {¶ 10} Appellate counsel appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw where he can show that there is no merit to the appeal. Anders v. California (1967) 386 U.S. 738;State v. Toney (1970), 23 Ohio App.2d 203. In Toney, this court set forth the procedure to be used when counsel of record determines an indigent's appeal is frivolous:
 {¶ 11} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 12} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 13} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 14} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purpose of appeal should be denied.
 {¶ 15} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.
 {¶ 16} In his no-merit brief, counsel mentions that a prior appointed appellate counsel thought that Brown might be able to argue that trial counsel was ineffective for failing to ensure that Brown pled no contest rather than pleading guilty so he could preserve any arguments relating to the motion to suppress. Appellate counsel states that he does not believe that this is an argument which could arguably be supported on appeal.
 {¶ 17} Given the record in this case, counsel is correct. Although Brown did waive his ability to raise issues related to the motion to suppress by pleading guilty rather than no contest, he cannot show that counsel was ineffective for not ensuring that he pled no contest. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687. Brown cannot prove either prong on appeal. First, there is no indication that counsel's performance was deficient. Brown stated at his change of plea hearing that he was satisfied with counsel's performance. And it is possible that the State would have not entered into the plea agreement if Brown had insisted on pleading no contest rather than pleading guilty. Second, there is no evidence of prejudice. The trial court informed Brown of the consequences of his plea and ensured that Brown understood those consequences. If Brown wanted to preserve suppression issues for appeal, then he should not have made the choice to plead guilty.
 {¶ 18} A review of the remaining portions of the record do not reveal any basis for an appeal. Brown's indictment fully stated the elements of the charged offenses. He waived his right to a speedy trial less than a month after he was indicted on the charges.
 {¶ 19} The trial court heard his motion to suppress the identification. After determining that Robinson had ample opportunity to observe Brown for over thirty minutes in well-lit and dark places and reviewing the photographic lineup procedure used in this case, the trial court denied the motion.
 {¶ 20} The trial court complied with all aspects of Crim.R. 11 when it accepted Brown's guilty plea. It ensured that he understood the charges against him, that he understood the consequences of his guilty plea, that he understood the rights he would be waiving by pleading guilty, and that the plea was knowing and voluntary.
 {¶ 21} Finally, Brown's sentence was within the felony sentencing guidelines since the trial court sentenced him to less than the maximum sentence and Brown had served a prior prison term. In addition, the trial court gave the proper findings about the seriousness of the offense and likelihood of recidivism to support its decision to run the sentence it was imposing consecutive to the term of imprisonment that Brown was serving for his parole violation.
 {¶ 22} Since there are no substantive grounds for appeal, counsel's belief that this appeal is wholly frivolous is correct. Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.
Donofrio, J., concurs, Vukovich, J., concurs.