[Cite as *State v. Riley*, 2012-Ohio-1086.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA14 |
| | : | |
| vs. | : | **Released: March 12, 2012** |
| | : | |
| JASON W. RILEY, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

Bradley P. Koffel, The Koffel Law Firm, Columbus, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecutor, and Sabrina J. Ennis, Athens County Assistant Prosecutor, Athens, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant Jason Riley ("Riley") pled guilty to aggravated vehicular homicide and aggravated vehicular assault. The trial court sentenced Riley to four years and eleven months total, to run consecutively to his sentences from other cases. Riley raises two assignments of error, arguing 1) the trial court erred by failing to merge the two counts as allied offenses of similar import, and 2) the trial court erred by disapproving of Riley's participation in a transitional control program, pursuant to R.C. 2967.26, in its sentencing entry. Having reviewed the record, we find the trial court did not err, and we affirm the trial court's judgment.

FACTS

{¶2} In the late hours of November 14, 2009 and into the next morning, Riley and his girlfriend, Stephanie Gaddis ("Gaddis"), and his cousin, Howard Holcomb ("Holcomb"), were drinking at a bar. The three left the bar, with Riley driving. Admittedly travelling at an excessive rate of speed, Riley lost control of the vehicle and veered from the roadway. Holcomb suffered serious injuries, as did Riley. Unfortunately, Gaddis passed away.

{¶3} Riley pled guilty to one count of aggravated vehicular homicide and one count of aggravated vehicular assault. The trial court sentenced Riley to four years and eleven months total, to be served consecutively to his sentences on two other cases. Riley now appeals.

ASSIGNMENTS OF ERROR

I.     "The trial court erred when it failed to merge the defendant's convictions."

II.    "The trial court erred by including in the sentencing entry a provision that the defendant is not to be considered or released on transitional control."

I. Allied Offenses

{¶4} In his first assignment of error, Riley argues the trial court erred in failing to merge his convictions for aggravated vehicular homicide and aggravated

vehicular assault. Riley contends while there were two separate victims, both crimes occurred as the result of a single act and should have merged at sentencing. We disagree.

{¶5} When determining whether multiple offenses should have merged under R.C. 2941.25, "[o]ur standard of review is *de novo.*" *State v. Buckta* (Nov. 12, 1996), 4th Dist. No. 96 CA 3. See, also, *Coleman v. Davis*, 4th Dist. No. 10CA5, 2011-Ohio-506, at ¶ 16 ("We review questions of law de novo."), quoting *State v. Elkins,* 4th Dist. No. 07CA1, 2008-Ohio-674, at ¶ 12, quoting *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, at ¶ 23.

{¶6} R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶6} As the Supreme Court explained in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, under R.C. 2941.25, "the court must determine prior to sentencing whether the offenses were committed by the same conduct." *Johnson* at ¶ 47. The initial question is whether it is possible to commit the two offenses with the same conduct. *Johnson* at ¶ 48. If so, we must then look to the facts of the case and determine whether the two offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 50.

{¶7} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51. Here, Riley's crimes are of dissimilar import and do no not merge.

{¶8} *State v. Jones* (1985), 18 Ohio St.3d 116, 480 N.E.2d 408, discussed the issue of whether a defendant could be convicted of multiple counts of aggravated vehicular homicide resulting from a single collision. The relevant inquiry is "whether the legislature intended the relevant statute[s] to authorize

multiple convictions." *Jones* at 117. While General Assembly has amended the statutes proscribing aggravated vehicular homicide (R.C. 2903.06) and aggravated vehicular assault (R.C. 2903.08) since *Jones*, their legislative intent and import remain the same.

{¶9} R.C. 2903.08 punishes a person for operating a motor vehicle and causing "serious physical harm to another person." R.C. 2903.06 punishes a person for operating a motor vehicle and causing "the death of another." The import of each statute is the harm the operator of the motor vehicle caused a specific person. When there is a single victim, the harm the operator caused the victim is the same when the victim sustains serious physical harm as it is if the victim dies from said physical harm. That is, the serious physical harm Riley caused Gaddis merged into her death.

{¶10} However, when the operator causes serious physical harm to two persons and the second person dies, the harm amongst the two victims is not the same. The harm the operator caused to each victim has its own unique import. If "crimes are perpetrated against different victims they are crimes of 'dissimilar import.'" *State v. Scheutzman*, 4th Dist. No. 07CA22, 2008-Ohio-6096, at ¶ 13. Here, the serious physical harm Riley caused Holcomb is separate and distinct from Gaddis' death. The two crimes are of dissimilar import and do not merge under R.C. 2941.25(B).

{¶11} Therefore, we overrule Riley's first assignment of error.

II. Disapproval of Transitional Control

{¶12} In his second assignment of error, Riley argues the trial court's disapproval of his participation in a transitional control program within its sentencing entry was both premature and improper. Rather, Riley believes the trial court should have waited until the adult parole authority ("APA") sent notice of its intent to place Riley into transitional control, pursuant to R.C. 2967.26(A)(2), to disapprove of Riley entering transitional control. We disagree.

{¶13} Normally, whether a prisoner would be eligible for transitional control is uncertain because his eligibility is partially based upon his behavior while incarcerated. The APA would assess the prisoner's eligibility when his remaining sentence nears 180 days. Ohio Adm.Code 5120-12-01(F) provides, "In order to be eligible for transitional control transfer pursuant to section 2967.26 of the Revised Code, a prisoner must meet *all* of the following minimum criteria: * * * (8) Prisoners shall not have a designated security level of level 3, level 4 or level 5. (9) Prisoners shall not be currently confined in any institution control status as a result of any disciplinary action." (Emphasis added.) Thus, on appeal, whether a prisoner would qualify for a transitional control transfer at a later date would be uncertain because his designated security level and whether he was confined in institutional control at that later date are unknown. Without knowing whether a

prisoner is eligible for transitional control, this Court cannot determine whether the trial court's entry disapproving of the prisoner's transfer to transitional control has resulted in prejudice to the prisoner; the issue would be unripe for review.  See, *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838 (discussing ripeness).

{¶14} However, in this case, Riley is already disqualified from being transferred to transitional control.  Specifically, to be eligible for transfer to transitional control, a prisoner "shall not have any past or current convictions for * * * aggravated vehicular assault, section 2903.08, * * * or aggravated vehicular homicide, section 2903.06 of the Revised Code."  Ohio Adm.Code 5120-12-01(F)(12).  This is exactly to what Riley pled: aggravated vehicular assault, under R.C. 2903.08(A)(2)(b), and aggravated vehicular homicide, under R.C. 2903.06(A)(2)(a).  Consequently, Riley is ineligible for transitional control and the trial court's disapproval is moot.  Thus, we overrule Riley's second assignment of error.

**JUDGMENT AFFIRMED**.

Harsha, J., concurring.

{¶15} I concur in the judgment because I conclude the two offenses are crimes of similar import, i.e., it is possible to commit both by the same conduct.  However, I also conclude they were not actually committed with a single state of

mind, i.e., Riley possessed a separate animus toward each victim although the crimes were committed at the same time.  See R.C. 2941.25(B) and 1973 Legislative Service Commission comments to 1972 Am.Sub.H.B. No. 511, cited in *Johnson*, *supra*, at footnote 2.  In all other regards, I concur in judgment and opinion.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs with Concurring Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**