[Cite as *State v. Curless*, 2014-Ohio-1493.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130204 |
| | | TRIAL NO. B-1205818-C |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TONY CURLESS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 9, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Kirk*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Tony Curless was charged, along with two codefendants, with two counts of second-degree-felony robbery. Curless pleaded not guilty, and filed a motion to suppress, which the trial court denied after a hearing. He pleaded guilty to two counts of robbery as reduced to felonies of the third degree. The trial court sentenced Curless to 24 months in prison for each robbery, to be served concurrently. Curless now appeals, raising two assignments of error.

### Ineffective Assistance

{¶2} In his first assignment of error, Curless argues that he was denied the effective assistance of counsel by his counsel's failure to inform him that by entering guilty pleas, he would waive any challenge on appeal to the denial of his motion to suppress. He contends that had his counsel advised him to plead no contest, he could have challenged on appeal the trial court's denial of his motion to suppress.

{¶3} We review challenges to guilty pleas based on ineffective assistance of counsel under the two part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. James*, 1st Dist. Hamilton Nos. C-040376 and C-040389, 2006-Ohio-2478, ¶ 63. Thus, in order to succeed on his claim, Curless must show both that his counsel's performance was deficient and "that there is a reasonable probability, that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶4} Curless's claim of ineffectiveness, however, is belied by the record. During Curless's plea colloquy, the trial court asked Curless's counsel if "[b]y

2

entering these guilty pleas, [Curless] waived and withdr[e]w any pretrial motions that he might have filed?" Counsel replied, "Yes, Your Honor." The court then stated, "I guess that includes the motion to suppress which the court already ruled on at this point. Is that correct?" Curless's counsel again replied, "Yes."

{¶5} The trial court then asked Curless if he had any questions for the court before the court accepted his guilty pleas. When Curless replied, "No," the court asked him if he wished to speak with his attorney further before the court proceeded with the plea hearing. Curless again replied, "No." The trial court then asked Curless, if he "had enough time to think about this important decision." Again Curless replied, "Yes." The court additionally inquired, "And you're certain that you want to proceed and change your former pleas of not guilty to this plea of guilty?" Curless again replied, "Yes." The trial court then accepted his guilty pleas.

{¶6} Thus, the record reflects that at the time Curless pleaded guilty, the trial court had expressly informed him that he would be giving up his right to challenge on appeal the trial court's ruling on the motion to suppress and gave him an opportunity to consult with his counsel. Curless, nonetheless, pleaded guilty. Furthermore, there is no evidence that the state would have offered Curless no-contest pleas to the reduced charges of third-degree-felony robbery. Here, Curless was originally indicted for two second-degree-felony robberies of two separate victims. By entering guilty pleas to the robberies as reduced third-degree felonies, Curless's maximum possible prison sentence was reduced from 16 to six years.

{¶7} Curless, thus, cannot show that his counsel was deficient in advising him to enter guilty pleas, that his guilty pleas were not entered into knowingly, intelligently, and voluntarily, or that he would not have entered the guilty pleas. *See James*, 2006-Ohio-2478, ¶ 63-67; *see also State v. Miranda*, 10th Dist.

Franklin No. 13AP-271, 2013-Ohio-5109, ¶ 18; *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 13-18; *State v. Jones*, 6th Dist. Wood No. WD-12-053, 2013-Ohio-3562, ¶ 16-22; *State v. Corpening*, 11th Dist. Ashtabula Nos. 2011-A-0005 and 2011-A-0006, 2011-Ohio-6002, ¶ 36-43; *State v. Brown*, 7th Dist. Mahoning No. 01CA 225, 2004-Ohio-3035, ¶ 16-17. As a result, we overrule his first assignment of error.

### 24-Month Prison Sentence

{¶8} In his second assignment of error, Curless argues that the trial court's imposition of concurrent 24-month prison sentences is contrary to law. He argues that the trial court failed to consider the existence of grounds to mitigate his conduct under R.C. 2929.12(C)(4); that his sentence is disproportionate to the sentence the trial court imposed on his codefendants; and that the trial court erred by sentencing him without informing him of his ability, pursuant to R.C. 2967.193, to earn credit toward his sentence while incarcerated.

{¶9} Under R.C. 2953.08(G), we may only modify or vacate [a defendant's sentence] if we 'clearly and convincingly find' that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is 'otherwise contrary to law.' " *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶10} With respect to Curless's mitigation argument, the record reflects that both Curless and his attorney had the opportunity to address the court at sentencing. Curless told the court that he was sorry but "it [the robberies] happened and there is nothing I can do about it now." When the trial court asked Curless what steps he was taking to better himself, Curless said that he was waiting to see what happened in court. He did not have a job, but he was going to apply for jobs after

4

court and his family members wanted him to take care of his great-grandmother. Although the transcript cannot convey Curless's facial expression as he was addressing the court, the court stopped Curless and asked, "Are you finding something to smile about here?" Curless's counsel told the court that Curless smiles when he is nervous.

{¶11} After hearing from the assistant prosecuting attorney and the victims, who urged the trial court to impose a prison sentence upon Curless, the trial court stated that it had considered the purposes and principles of sentencing and that "the sentence should be consistent with other similar offenses committed by like offenders and that the sentences should be proportional to the harm caused and the impact upon the victims." It then summarized Curless's juvenile record and concluded that he had shown no genuine remorse for the offenses. The trial court, which had presided over the entire proceeding, was aware that Curless and his codefendants had followed a trio of University of Cincinnati students as they were walking on the street. Curless had gotten in front of one of the students and tripped him. As his two codefendants continued to follow the other students, Curless stayed back with the student he had tripped. He then wrestled him to the ground, punched him in the eye, and took $100 out of his wallet. Curless then caught up with his co-defendants and helped them secure a backpack from a second student before running from the scene with it.

{¶12} Having reviewed the record, we cannot say that Curless's 24-month concurrent prison sentences are clearly and convincingly contrary to law. The record reflects that the trial court listened to Curless and his attorney and considered what they had to say. Moreover, the trial court's decision to impose a prison sentence upon Curless, while imposing a sentence of community control upon his

codefendants is supported by the record. Curless's greater involvement in the offenses, his criminal record, and his failure to display genuine remorse, support the trial court's imposition of a 24-month prison term for the offenses instead of a sentence of community control. *See State v. Watkins,* 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222, ¶ 23-28*; State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 4-9; *State v. Ryan*, 1st Dist. Hamilton No. C-020283, 2003-Ohio-1188, ¶ 8-14.

{¶13} Finally Curless, citing to R.C. 2929.14(D)(3) and 2929.19(B)(2), argues that the trial court erred by imposing his sentences without informing him of his eligibility for earned days credit. *See, e.g., State v. Kennedy,* 1st Dist. Hamilton No. C-120337, 2013-Ohio-4221, ¶ 121-123; *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 21-24. But these statutes were amended in September 2012 to eliminate the requirement that the court sentencing a felony offender provide notice of possible eligibility for earning days of credit. *See* 2011 Ohio S.B. 337. Curless was sentenced in March 2013, after the effective date of these amendments. Thus, the trial court had no duty to inform him at sentencing that he would be eligible to earn credit towards his sentence while incarcerated. We, therefore, overrule his second assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HILDEBRANDT, P.J,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry this date.

6