DECISION.
{¶ 1} On May 27, 2003, a Delhi Township police officer was investigating a case on Rosemont Street in the city of Cincinnati. The street was just outside Delhi Township. While there, the officer observed James Davis drive from the township into Cincinnati on a motorcycle. Davis had a male passenger who was seated on a wooden board attached to the back of the motorcycle. The officer testified that he saw Davis operating the motorcycle in Delhi Township, but that he actually stopped him and issued a citation within the city of Cincinnati. Upon examination of Davis's driver's license, the officer saw that it did not have a motorcycle endorsement. Davis was cited for operating a motorcycle without a motorcycle endorsement, in violation of R.C. 4507.02, and for having more passengers on a motorcycle than it was equipped for, in violation of R.C. 4511.63. After a trial to the court, he was convicted on both charges. Davis now asserts three assignments of error, none of which is well taken.
 {¶ 2} In his first assignment, Davis asserts that the charges should have been dismissed because the police officer was outside his jurisdiction at the time of the stop, and because the alleged offenses took place outside the officer's jurisdiction. Davis also challenges the sufficiency of the evidence. But there was testimony that the offenses were seen taking place inside Delhi Township. In such a case, a township police officer may stop a suspect outside his jurisdiction on a street that is adjacent to the boundaries of the township.[1] In State v.Shuttleworth,[2] the Fifth Appellate District concluded that an officer could cite a defendant for an offense that had occurred adjacent to the officer's jurisdiction. This case is even clearer; here the offense occurred inside the jurisdiction. The only thing done on the adjacent street was the issuance of the citation.
 {¶ 3} In evaluating the sufficiency of the evidence, we must determine whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[3] In this case, the facts demonstrating the commission of the offenses were never contested and were clear from the trial testimony. A rational trier of fact could have found Davis guilty.
 {¶ 4} In his second assignment, Davis asserts that the trial court erred in not granting him a continuance to bring in additional witnesses. A denial of a continuance may be reversed on appeal only if the trial court abused its discretion.[4] Davis had two continuances prior to trial and requested the continuance in question while the trial was in progress. The court did not abuse its discretion in denying his request for a third continuance.
 {¶ 5} The third assignment asserts that the trial court failed to remain impartial to Davis. Davis's primary claim is that he saw the testifying officer go through a door that could have led to the court's chambers, and that he accused the court of meeting with the officer before the trial. Apparently the officer was, at some point, in the room where the court's secretary sat. Davis also claims that the court considered his past record prior to its finding of guilt. Davis asked the court about meeting with the officer during the trial. The court insisted that no such meeting had taken place, and that the first time the court had ever seen the officer was when the trial started. Also, the record clearly shows that the court never mentioned Davis's past record until after it had found him guilty. It did consider Davis's record before sentencing.
 {¶ 6} The assignments of error are without merit.
Judgment affirmed.
Hildebrandt, P.J., concurs.
Painter, J., concurs separately.
[1] R.C. 2935.03(E).
[2] (Sept. 19, 1999), 5th Dist. No. 99CA25.
[3] State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
[4] State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078.