[Cite as *State v. Haywood*, 2014-Ohio-2801.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130525 |
| | | TRIAL NO. B-1204987 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| LARRY HAYWOOD, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 27, 2014


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro,* for Defendant-Appellant.


Please note: this case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1} Defendant-appellant Larry Haywood challenges on appeal the trial court's denial of his presentence motion to withdraw his guilty pleas and the sentence imposed by the trial court. Because the trial court properly overruled Haywood's motion to withdraw and did not err in the imposition of sentence, we affirm the court's judgment.

### Statement of Facts

{¶2} Haywood pled guilty to trafficking in cocaine pursuant to R.C. 2925.03(A)(2), with an accompanying major-drug-offender specification, trafficking in heroin pursuant to R.C. 2925.03(A)(2), and having a weapon while under a disability pursuant to R.C. 2923.13(A)(3). After pleading guilty, Haywood was released on a recognizance bond pending sentencing. To obtain this bond, Haywood, his counsel, and the state signed an agreement stating that Haywood would be released on his own recognizance to get his affairs in order, but if he failed to appear at sentencing or got into trouble with the law while released on bond, the trial court would impose maximum and consecutive sentences totaling 15 and a half years' imprisonment.

{¶3} Haywood absconded and failed to appear for sentencing. After his eventual apprehension, but prior to the court's imposition of sentence, Haywood filed a motion to withdraw his guilty pleas. After according Haywood a hearing, the trial court denied the motion to withdraw. The trial court then granted Haywood's motion to have new counsel appointed, and it continued the matter for sentencing.

At sentencing, the trial court imposed the previously agreed upon aggregate sentence of 15 and a half years' imprisonment.

### *Motion to Withdraw Guilty Pleas*

{¶4} Haywood argues in his first assignment of error that the trial court erred by overruling his presentence motion to withdraw his guilty pleas.

{¶5} Presentence motions to withdraw a guilty plea should be freely and liberally granted, but a defendant has no absolute right to withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. *Id.* at 526. An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). This court has outlined various factors to be considered when determining whether a trial court abused its discretion in ruling on a motion to withdraw a guilty plea. These factors include (1) whether the defendant was represented by highly competent counsel, (2) whether the defendant was accorded a complete Crim.R. 11 hearing before pleading guilty, (3) whether the trial court held a hearing on the motion to withdraw in which it gave full and fair consideration to the motion, (4) whether the defendant timely filed the motion to withdraw and supported it with specific reasons for withdrawal, (5) whether the defendant was possibly not guilty of, or could offer a complete defense to, the charges, and (6) whether granting the motion would result in prejudice to the state. *See State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *State v. Sykes*, 1st Dist. Hamilton No. C-060277, 2007-Ohio-3086, ¶ 10.

{¶6}   The trial court accorded Haywood a complete hearing on his motion to withdraw.  It found that Haywood was represented by highly competent counsel, and that he had been given a complete Crim.R. 11 hearing before entering his guilty pleas. The trial court further found that Haywood's filing of his motion to withdraw on the morning of sentencing, three months after first pleading guilty, was not timely. Haywood's motion to withdraw stated that he wanted to dispute the charges before a jury, but he advanced no arguments that he was not guilty or that he had a complete defense to the charges.  The court concluded by finding that the only apparent reason Haywood desired to withdraw his plea was "buyer's remorse" or a change of heart.

{¶7}   The trial court gave Haywood's motion to withdraw full and fair consideration, and we cannot find that it abused its discretion by overruling the motion.  Haywood provided no justifiable reason as to why his pleas should be withdrawn.  We agree with the trial court's finding that Haywood sought to withdraw his pleas based solely on a change of heart.  Aware that the maximum sentence was going to be imposed because he had failed to appear at sentencing, Haywood sought to withdraw his pleas to prevent that from happening.  The trial court did not err in overruling Haywood's motion to withdraw.   The first assignment of error is overruled.

### Sentencing

{¶8}   In his second assignment of error, Haywood argues that the trial court erred by imposing an improper sentence.  Our review of a sentence imposed by the trial court is prescribed by R.C. 2953.08(G)(2).  We may only modify or vacate a defendant's sentence if we find that the record does not support the mandatory

sentencing findings or that the sentence is contrary to law. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶9}   As a preliminary matter, the state contends that we should not address the merits of Haywood's assignment of error because the sentence imposed was an agreed sentence not subject to review.   Under R.C. 2953.08(D)(1), a sentence is not subject to review if it "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶10} The state argues that Haywood's sentence is not subject to review under R.C. 2953.08 because the trial court had imposed the maximum sentence of 15 and a half years' imprisonment that the parties had agreed would be imposed if Haywood failed to appear for sentencing.   We are not persuaded.   The agreement reached by the parties in this case was not the type of agreed sentence contemplated in R.C. 2953.08(D)(1).   In this case, the parties had agreed that a specific sentence would be imposed as a consequence for Haywood's failure to appear at sentencing. Rather than jointly recommending a sentence, the parties had agreed on the ramifications that would be imposed for Haywood's malfeasance.   Had Haywood appeared for sentencing, the trial court remained free to impose any sentence that it saw fit.

{¶11}   Having determined that Haywood's sentence is subject to review, we now consider the merits of his assignment of error.   Haywood first contends that his convictions for trafficking in cocaine and trafficking in heroin were allied offenses of similar import and were not separately punishable.   Because Haywood failed to raise this issue before the trial court, we review for plain error. *See State v. Temaj-Felix*, 1st Dist. Hamilton No. C-120040, 2013-Ohio-4463, ¶ 5.

{¶12} In determining whether R.C. 2941.25, Ohio's multiple-count statute, requires merger of two offenses, a court must consider the statutory elements of the offenses in the context of the defendant's conduct. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 20. Where the defendant's conduct results in two or more offenses of dissimilar import or where the defendant commits two or more offenses of the same or similar kind separately or with a separate animus, the defendant may be separately punished for each offense. *See* R.C. 2941.25(B).

{¶13} Haywood pled guilty to two counts of trafficking in drugs under R.C. 2925.03(A)(2). This statute provides that

> No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

Count one of Haywood's indictment alleged that he had trafficked in cocaine, a schedule II controlled substance, in an amount that exceeded 100 grams. Count three of Haywood's indictment alleged that he had trafficked in heroin, a schedule I controlled substance, in an amount that exceeded one gram but was less than five grams.

{¶14} The Ohio Supreme Court has held that "the simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *State v. Delfino*, 22 Ohio St.3d 270, 490 N.E.2d 884 (1986), syllabus. More recently, the Sixth Appellate District considered whether the simultaneous

possession of cocaine and heroin were separately punishable offenses. *State v. Heflin*, 6th Dist. Lucas No. L-11-1173, 2012-Ohio-3988. The Sixth District held that "[a]s possession of either cocaine or heroin will never support a conviction for possession of the other, we conclude that they are not allied offenses of similar import under *Johnson* analysis." *Id.* at ¶ 14. We find that this reasoning applies equally when the offenses at issue are trafficking in two different types of drugs rather than possession.

{¶15} Trafficking in heroin will never support a conviction for trafficking in cocaine. Nor will trafficking in cocaine support a conviction for trafficking in heroin. Haywood committed each offense with different conduct. Under R.C. 2941.25, the two offenses were committed both separately and with a separate animus and were not allied offenses of similar import. We hold that Haywood's argument is without merit, and that the trial court properly imposed sentence on each offense.

{¶16} Haywood next contends that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. The record does not support Haywood's argument. The trial court made all the findings required by R.C. 2929.14(C)(4) before making the sentences consecutive, and these findings were supported by the record. Haywood additionally contends that the trial court failed to consider the principles and purposes of sentencing before imposing maximum, consecutive sentences. Again, Haywood's argument is belied by the record. The trial court clearly stated on record that it had considered the overriding principles and purposes of felony sentencing and it proceeded to discuss those principles and purposes.

{¶17}  Haywood further argues that the trial court failed to notify him that he may not be eligible to earn days of credit under R.C. 2967.193.  His argument is without merit.  Former R.C. 2929.14(D)(3) required a trial court to notify an offender of the offender's eligibility to earn days of credit as prescribed in R.C. 2967.193.  But the amended version of R.C. 2929.14(D)(3), in effect at the time of Haywood's sentencing, no longer requires such a notification.  *See State v. Graham*, 1st Dist. Hamilton No. C-130375, 2014-Ohio-1024, ¶ 9.

{¶18}  Haywood last argues that the trial court failed to inform him, under R.C. 2929.19(B)(2)(f), that he cannot ingest or be injected with a drug of abuse while in prison and that he is required to submit to random drug testing in prison.  In *State v. Cutlip*, the Second Appellate District considered this same argument.  That court noted that the requirements contained in R.C. 2929.19(B)(2)(f) "were not intended to benefit the defendant but rather to facilitate the drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." *State v. Cutlip*, 2d Dist. Champaign No. 2012 CA 11, 2012-Ohio-5790, ¶ 19. R.C. 2929.19(B)(2)(f) confers no substantive rights upon a defendant.  Haywood suffered no prejudice by the trial court's failure to notify him of this information. Any error resulting from the trial court's omission of this language was harmless. *Id.*

{¶19}  The trial court did not err in the imposition of sentence.  Haywood's second assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

HILDEBRANDT, P.J., and DEWINE, J., concur.

8

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.