[Cite as *State v. Jones*, 2014-Ohio-3345.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130625 |
| | | TRIAL NO. B-1301598-A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KENDALL JAY JONES, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, Sentences Vacated, and Cause Remanded

Date of Judgment Entry on Appeal:  August 1, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela Stagnaro*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from sentences imposed in a criminal case.  Kendall Jay Jones was convicted of 14 counts of felony breaking and entering.  He was sentenced to prison for each of the offenses with some of the terms to run consecutively and others concurrently.

{¶2}     Several errors require us to vacate the sentences.  Breaking and entering is a fifth-degree felony, and the applicable sentencing statute only allows a court to sentence an offender to prison for a fifth-degree felony in certain narrowly prescribed circumstances.  For two of the offenses, prison was appropriate because Mr. Jones used a gun in the offenses, but it was not an allowable sentencing option for the other 12 counts.   Further, the trial court failed to make the necessary findings to impose consecutive sentences and neglected to properly inform Mr. Jones about postrelease control.  We therefore vacate the sentences and remand the case.

### A Crime Spree and a Sentence

{¶3}     For two and a half months, Mr. Jones constituted a one-man crime wave in the city of Springdale.  He broke the windows of numerous businesses and stole money and property.  In several instances, he used a gun to shoot out the windows; in other cases, he employed a hammer.

{¶4}     Mr. Jones was indicted for 14 counts of felony breaking and entering (counts 1-14) and two misdemeanor counts of attempted breaking and entering.  Two of the felony counts—counts 13 and 14—included firearm specifications.  He entered *Alford* pleas to the charges.  In exchange for his pleas, the state dismissed the firearm specification attached to count 14.

2

{¶5}     The court imposed an aggregate sentence of three years in prison.  The sentence included one-year sentences for each of the felony breaking-and-entering charges and a mandatory one-year sentence for the firearm specification on count 13.  The court ordered that the sentences for counts 1 through 12 and count 14 be served concurrently with one another but consecutive to the sentence for count 13.  The one-year specification was also made consecutive to the underlying sentence for count 13.  The court sentenced him to 180 days on the misdemeanor offenses, and ordered that the time be served concurrently with the felony sentences.  The misdemeanor sentences are not challenged in this appeal.

{¶6}     Mr. Jones contends that the court should not have imposed prison sentences for the felony offenses and that the court erred when it made the sentences consecutive without having made the requisite findings.  Mr. Jones also maintains that the court failed to provide certain required notifications to him during the sentencing hearing.

### *Prison was not an Option for Most of the Offenses*

{¶7}     Our review of Mr. Jones's sentences is guided by R.C. 2953.08(G).  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.).  Under that section, we may modify or vacate a sentence only if we "clearly and convincingly find" that the record does not support the sentencing court's findings or that the sentence is contrary to law.  R.C. 2953.08(G)(2).

{¶8}     In 2011, the legislature enacted Am.Sub.H.B. No. 86 ("H.B. 86").  The measure sharply limited the circumstances under which a court could sentence first-time-felony offenders to prison when the offender's most serious offense was a fourth- or fifth-degree felony.  R.C. 2929.13(B)(1)(a) provides that for a nonviolent fifth-degree felony, a court must impose a community-control sanction of at least a year if all of the

following are met: (1) the offender has not previously been convicted of or pled guilty to a felony; (2) the most serious charge at the time of sentencing is a felony of the fourth or fifth degree; (3) if in a case where the court believes no acceptable community-control sanctions are available, it requests a community-control option from the department of rehabilitation, and the department identifies such a program; and (4) the offender has not been convicted of or pled guilty to a misdemeanor offense of violence committed in the previous two years.

{¶9} But notwithstanding the terms of R.C. 2929.13(B)(1)(a), the trial court has discretion to impose a prison sentence for a fifth-degree felony if one of 11 criteria listed in R.C. 2929.13(B)(1)(b) applies. These criteria include whether the offender had a firearm while committing the offense, whether the offender caused "serious physical harm," whether the offender was serving or had served a prison term, and whether the offender committed the offense while on community control. R.C. 2929.13(B)(1)(b). Relevant to this appeal is the first criterion: "The offender committed the offense while having a firearm on or about the offender's person or under the offender's control." R.C. 2929.13(B)(1)(b)(i).

{¶10} In this case all of the requirements of 2929.13(B)(1)(a) were met. There is no indication in the record that Mr. Jones had any prior felony convictions or a conviction for a misdemeanor offense of violence within the past two years. Further, the court did not make a request to the department of corrections regarding the availability of community-control sanctions, so the third provision of R.C. 2929.13(B)(1)(a) was not at issue. Thus, community control was mandatory for each of the offenses unless one of the 11 items listed in R.C. 2929.13(B)(1)(b) applied.

{¶11} Under R.C. 2929.13(B)(1)(b) the court had discretion to impose prison for offenses committed with a firearm. Thus prison was appropriate here for the two

4

offenses for which a firearm specification was charged. Although the state dismissed the firearm specification to count 14 as part of the plea negotiations, Mr. Jones did not challenge the assistant prosecutor's statement that Mr. Jones carried out two of the breaking-and-entering offenses by shooting a gun at the businesses' windows. But as for the other 12 felony offenses, there is nothing in the statute that would allow the court to impose a prison term. Rather, under the plain terms of R.C. 2929.13(B)(1)(a), a community-control term of at least one year was mandatory for the other 12 felony offenses. Thus, the sentences imposed for those offenses were contrary to law.

{¶12}   The result we reach here may seem anomalous. If an offender is going to prison anyway, why not allow the sentencing court the option to deal with all the charges in one prison term? Indeed, R.C. 2929.13(B)(1)(a)(ii) allows a court to impose prison rather than community control for fourth- or fifth-degree felonies if the offender is being sentenced on a greater charge. This makes sense. There are lots of good reasons trial judges may want to allow prisoners who have been released from prison to reintegrate into society without community-control obligations. Nor does the result mandated here appear consistent with the legislative purpose of H.B. 86 "to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison[.]" *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 17. Further, in this case, the offender may well be made worse off by our decision. It is quite possible that on resentencing he could be subjected to the three-year prison term he currently faces followed by the at least one-year of community control that is mandated by statute.

{¶13}   Be that all as it may, the statutory language is clear. Our task is to apply the statute. Here, under the statute as written, the court must impose a term of community control even if it also sends Mr. Jones to prison.

5

### *The Court Failed to Make Consecutive-Sentence Findings*

**{¶14}** Mr. Jones also takes issue with the court's imposition of consecutive sentences. By statute, the court was required to make the sentence for the firearm specification consecutive to the sentence for the underlying breaking-and-entering offense in count 13. R.C. 2929.14(C)(1)(a). But for the other offenses, the trial court could only impose consecutive sentences upon compliance with the requirements for sentencing "findings" set forth in R.C. 2929.14(C)(4). *See State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 14.

**{¶15}** To impose consecutive sentences under R.C. 2929.14(C)(4), a court first must engage in a three-step exercise. First, it must find that consecutive sentences are necessary to protect the public from future crime or punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the court must find one of the following: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, under a community-control sanction, or on postrelease control; (2) at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public. R.C. 2929.14(C)(4).

**{¶16}** While this appeal was pending, the Ohio Supreme Court provided guidance concerning a trial court's task of making findings in support of consecutive sentences. *State v. Bonnell*, Slip Opinion No. 2104-Ohio-3177 (July 24, 2014). The court held that "[i]n order to impose consecutive terms of imprisonment, a trial court is

required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus. Here, during the sentencing hearing, the court found that "[t]he harm was great or unusual, and that a single term does not adequately reflect the seriousness," but it did not make the initial finding that consecutive sentences were necessary to protect the public from future crime or to punish the offender. Nor did it incorporate its findings into its sentencing entry. As a consequence, we sustain the assignment of error.

### The Court Failed to Notify Mr. Jones about Postrelease Control

{¶17}   Finally, Mr. Jones argues that the court erred by failing to advise him of everything it was required to at sentencing. Specifically, he contends that the court neglected to (1) advise him of his postrelease-control obligations, (2) tell him that he should not use illegal drugs in prison and that he would be subject to drug tests, and (3) inform him that he may be eligible for earned days of credit.

{¶18}   Under R.C. 2929.19(B)(2)(d), the court was required to inform Mr. Jones at the sentencing hearing of the possibility that he would be supervised on postrelease control upon his release from prison. Here, although it included the notification in its entry, the court erred when it completely failed to inform Mr. Jones about postrelease control during the sentencing hearing.

{¶19}   R.C. 2929.19(B)(2)(f) directs the court to tell a defendant that he is not to use illegal drugs and that he is subject to random drug testing while in prison. No such notification was provided to Mr. Jones. But we have held that "R.C. 2929.19(B)(2)(f) confers no substantive rights." *State v. Haywood,* 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801. Therefore, Mr. Jones was not prejudiced by the trial court's failure

7

to provide the notification, and the error is harmless. *Id. See State v. Cutlip,* 2d Dist. Champaign No. 2012 CA 11, 2012-Ohio-5790, ¶ 19.

{¶20} With respect to the notification about earned days of credit, the requirement that the sentencing court inform a defendant about his eligibility to earn days of credit has been eliminated. *State v. Curless,* 1st Dist. Hamilton No. C-130204, 2014-Ohio-1493, ¶ 13.

{¶21} We therefore sustain Mr. Jones's sole assignment of error with respect to the imposition of prison terms for the 12 fifth-degree felony counts that did not involve firearms, the court's imposition of consecutive sentences without having made the requisite findings, and the court's failure to inform Mr. Jones about postrelease control. We vacate the one-year prison terms for counts 1 through 12, and remand the case so that the court may impose community control for those counts. In addition, on remand the court must determine whether consecutive sentences are appropriate, and, if so, make the mandated findings during the sentencing hearing and incorporate them into its sentencing entry. Finally, the court must notify Mr. Jones about postrelease control. In all other respects, the judgment of the court is affirmed.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.