[Cite as *State v. Sweeten*, 2016-Ohio-5828.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO


STATE OF OHIO,                     :        APPEAL NO. C-150583
                                            TRIAL NO. B-1304339
    Plaintiff-Appellee,       :
                                            *O P I N I O N.*
  vs.                             :

EUGENE SWEETEN,                    :

    Defendant-Appellant.      :



Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  September 16, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

**MOCK, Judge.**

{¶1} Following a jury trial, defendant-appellant Eugene Sweeten was convicted of one count of carrying a concealed weapon under R.C. 2923.12(A)(2) and one count of having weapons while under a disability under R.C. 2923.13(A). The trial court sentenced him to 18 months' imprisonment on the carrying-a-concealed-weapon count and 36 months' imprisonment on the weapons-under-a-disability count, to be served consecutively, for a total of 54 months' imprisonment. We find no merit in Sweeten's three assignments of error, and we affirm his convictions.

### I. Factual Background

{¶2} The record shows that Officer Gregory Levo of the Arlington Heights Police Department was on routine traffic patrol at approximately 3:00 a.m. on July 16, 2013, when he observed a vehicle travelling without a rear-license-plate light. At the time he first saw the vehicle, he was sitting in a parking lot in Arlington Heights. He pulled out to follow the vehicle, and activated his lights and siren when he caught up to it, just outside of the city. The vehicle promptly pulled over.

{¶3} For safety reasons, Levo approached from the passenger side, and observed two people in the vehicle. Sweeten was in the passenger seat. Levo asked both the driver and Sweeten for identification. The driver quickly produced his license, but Sweeten took a bit longer. According to Levo, he was "very slow to get his ID out of his pocket." When Sweeten reached for his identification, "he started scrunching down" and "trying not to move very much like he was hiding something." Levo found this conduct suspicious.

{¶4} The driver's identification showed that he was validly licensed with no warrants. When Levo ran Sweeten's identification, the computer "dinged," and

2

indicated that a warrant existed in the name of Eugene Sweeten. Levo returned to the vehicle and told Sweeten that he was going to be detained because he had a "possible warrant for his arrest." Sweeten denied that he had a warrant, and Levo told him that "we will go back and check it, but you are detained right now just for my safety and * * * to check what was actually going on."

{¶5} After Sweeten stepped out of the vehicle, he told the officer that he had a weapon on him and pointed to his front waistband. Levo removed the gun from Sweeten's pants and found that it was "loaded, ready to fire." Levo put Sweeten in handcuffs and arrested him.

{¶6} Upon returning to his cruiser, Levo checked the warrant information again. He noticed that there were two names listed when normally there was just one. He determined that warrant was actually for Sweeten's father who had the same name. Levo stated that he would not have known about the warrant but for the identification that Sweeten had handed to him.

## II. Search and Seizure

{¶7} In his first assignment of error, Sweeten contends that the trial court erred in overruling his motion to suppress. He argues that the stop of the vehicle, his continued detention, and his subsequent arrest all violated his Fourth Amendment rights. This assignment of error is not well taken.

{¶8} Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152,

2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, ¶ 61.

{¶9} Sweeten argues that the stop of the vehicle was improper because the police officer did not have authority to stop the vehicle outside of his jurisdiction. First, Sweeten did not argue the issue at the hearing on the motion to suppress, and therefore, arguably forfeited all but plain error. *See State v. Rogers*, 142 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-23; *State v. Erkins*, 1st Dist. Hamilton No. C-110675, 2012-Ohio-5372, ¶ 62. But, even if he had raised it, his motion to suppress would not have been successful on that basis.

{¶10} Former R.C. 2935.03(E)(3) provided:

A police officer or village marshal appointed, elected, or employed by a municipal corporation may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E)(1) of this section on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer or village marshal is appointed, elected, or employed.

The sections and chapters listed in R.C. 2935.03(E)(1) include violations of R.C. Chapter 4513.

{¶11} Levo stopped the driver of the vehicle for failing to have a light illuminating the rear license plate in violation of R.C. 4513.05. Consequently, the officer had statutory authority to stop the vehicle on the streets immediately adjacent to the boundaries of his jurisdiction, Arlington Heights. *See State v. Davis*, 1st Dist. Hamilton Nos. C-030660 and C-030661, 2004-Ohio-3134, ¶ 2.

4

{¶12} Sweeten relies on *State v. Brown*, 143 Ohio St.3d 444, 2015-Ohio-2438, 39 N.E.3d 496, in which the Ohio Supreme Court held that a traffic stop for a minor misdemeanor made outside a police officer's statutory jurisdiction or authority violates the guarantee against unreasonable searches and seizures in the Ohio Constitution. *Brown* at ¶ 1-2. But *Brown* is distinguishable because in that case, the township police officer did not have statutory authority to conduct the stop outside of his jurisdiction.

{¶13} Sweeten next argues that even if the stop was proper, his continued detention violated his Fourth Amendment rights. During a traffic stop, the police, in determining whether to issue a ticket, may conduct ordinary inquiries incident to the traffic stop. Those inquiries include checking the driver's license, determining whether outstanding warrants exist, and inspecting the vehicle's registration and proof of insurance. *Rodriquez v. United States*, ___ U.S. ___, 135 S.Ct. 1609, 1614-1615 191 L.Ed.2d 492 (2015); *State v. Reece*, 1st Dist. Hamilton No. C-140635, 2015-Ohio-3638, ¶ 21. A traffic stop can become unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the violation. *Rodriguez* at 1615; *Reece* at ¶ 22. When a police officer's objective justification to continue the detention of a person stopped for a traffic violation is not related to the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct an illegal search constitutes an illegal seizure. *State v. Robinette*, 80 Ohio St.3d 234, 685 N.E.2d 762 (1997), paragraph one of the syllabus; *State v. Lopez*, 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, ¶ 18 (1st Dist.).

{¶14} Levo testified that the time that lapsed from the stop until he ordered Sweeten out of the car was only "a couple of minutes." Based on Sweeten's furtive movements and the arrest warrant in the same name, the officer had a reasonable and articulable suspicion that justified detaining Sweeten for further investigation. *See State v. Emmons*, 1st Dist. Hamilton No. C-150636, 2016-Ohio-5384, ¶ 18. Reasonable suspicion is a less demanding standard than probable cause. *Erkins*, 1st Dist. Hamilton No. C-110675, 2012-Ohio-5372, at ¶ 32.

{¶15} Even though the warrant was actually for Sweeten's father, the record shows that Levo acted with an objectively reasonable good-faith belief that Sweeten should be detained so that he could conduct further investigation. Nothing in the record shows that Levo exhibited "deliberate," "reckless," or "grossly negligent" disregard for Sweeten's Fourth Amendment rights. He acted in good faith and, therefore, the exclusionary rule does not apply. *See Davis v. United States*, 564 U.S. 229, 238-239, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011); *State v. Johnson*, 141 Ohio St.3d 136, 2014-Ohio-5021, 22 N.E.3d 1061, ¶ 40-42.

{¶16} Subsequently, Sweeten volunteered the information that he had a handgun concealed in his waistband. At that time, Levo had sufficient facts and circumstances in his knowledge to warrant a prudent person in believing that Sweeten was committing or had committed an offense. Therefore, he had probable cause to arrest him. *See State v. Heston*, 29 Ohio St.2d 152, 155-156, 280 N.E.2d 376 (1972); *Erkins* at ¶ 33. Under the circumstances, Sweeten's Fourth Amendment rights were not violated, and the trial court did not err in overruling his motion to suppress. Consequently, we overrule his first assignment of error.

### III. Ineffective Assistance of Counsel

{¶17} In his second assignment of error, Sweeten contends that he was denied the effective assistance of counsel. He argues that his counsel was ineffective for failing to raise the issue that the stop of the vehicle was illegal because the police officer was outside of his jurisdiction. But as we have previously held, the police officer had authority under former R.C. 2935.03(E) to make the stop. Therefore, a motion to suppress on that basis would not have been successful.

{¶18} The failure to file or prosecute a motion is prejudicial only if the defendant had a reasonable probability of success on that motion. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 53. Sweeten has failed to meet his burden to show ineffective assistance of counsel, and we overrule his second assignment of error. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thomas* at ¶ 50.

### IV. Sentencing

{¶19} In his third assignment of error, Sweeten contends that the trial court erred in sentencing him. First, he argues that the trial court should not have sentenced for both carrying a concealed weapon and having a weapon while under a disability because they were allied offenses of similar import. A defendant whose conduct supports multiple offenses may be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with a separate animus. *State v. Ruff*, 143

Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus; *State v. Bell*, 2015-Ohio-1711, 34 N.E.3d 405, ¶ 63 (1st Dist.).

{¶20} This court has held that having weapons while under a disability is of a dissimilar import from other offenses "because the statute manifests a legislative purpose to punish the act of possessing a firearm while under a disability separately from any offense committed with the firearm." *State v. Dalmida*, 1st Dist. Hamilton No. C-140517, 2015-Ohio-4995, ¶ 32. Therefore, the two offenses were of dissimilar import, and Sweeten could be convicted of both.

{¶21} Sweeten also contends that the trial court did not make the findings set forth in R.C. 2929.14(C)(4) to justify consecutive sentences. The record shows that the trial court made the required findings, announced them at the sentencing hearing, and incorporated them into the sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus; *State v. Frazier*, 1st Dist. Hamilton No. C-140369, 2015-Ohio-3116, ¶ 73. Therefore, the trial court did not err in imposing consecutive sentences.

{¶22} Finally, Sweeten contends that the trial court did not consider the purposes and principles of sentencing. While a trial court is required to consider the purposes and principles of sentencing and the various factors under R.C. 2929.11 and 2929.12, it need not make specific findings. We can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so. *State v. Bohannon*, 1st Dist. Hamilton No. C-130014, 2013-Ohio-5101, ¶ 6-7. Under the circumstances, we cannot hold that Sweeten's sentences were clearly and convincing contrary to law. *See id.* at ¶ 9; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 12-14 (1st Dist.).

Consequently, we overrule Sweeten's third assignment of error and affirm his convictions.

### V. Clerical Error

{¶23} We note that there is an error in the judgment entry. It incorrectly states that Sweeten pleaded guilty when he was actually convicted after a jury trial. Therefore, we remand the matter to the trial court to enter a nunc pro tunc entry correcting that clerical error. *See* Crim.R. 36; *Erkins*, 1st Dist. Hamilton No. C-110675, 2012-Ohio-5372, ¶ 60.

Judgment affirmed and cause remanded.

**FISCHER, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry this date.