[Cite as *State v. Ruff*, 2017-Ohio-1430.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160385 |
| | | C-160386 |
| Plaintiff-Appellee, | : | TRIAL NOS.  B-0907091 |
| | | B-1000868 |
| vs. | : | |
| KENNETH RUFF, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  April 19, 2017

*Joseph T.  Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela Stagnaro*, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}    Defendant-appellant Kenneth Ruff appeals the aggregate 40-year prison sentence imposed by the trial court after this court had remanded his cases for resentencing.    We affirm Ruff's sentences, but we remand for the correction of a clerical error in the judgment entries of conviction.

### Ruff's Convictions and Prior Appeals

{¶2}    Ruff was indicted under two separate case numbers for the commission of multiple offenses against five victims.  The offenses were joined and tried to a jury.   The jury found Ruff guilty of the attempted rape of L.H., the sexual battery of K.P., and the aggravated burglaries and rapes of P.F., K.B., and S.W.  The trial court sentenced Ruff to an aggregate sentence of 40 years in prison.  *See State v. Ruff*, 2013-Ohio-3234, 996 N.E.2d 513, ¶ 9 (1st Dist.).

{¶3}    In his direct appeal, Ruff argued in his fifth assignment of error that the trial court had erred in failing to find that his convictions for the aggravated burglaries and rapes of P.F., K.B., and S.W. were allied offenses pursuant to R.C. 2941.25 and in imposing consecutive sentences without making the necessary findings, and that the trial court had abused its discretion in imposing a 40-year aggregate sentence.  *See id.* at ¶ 28.  This court sustained the part of Ruff's fifth assignment of error challenging the multiple sentences for the aggravated-burglary and rape offenses.  We held his remaining arguments challenging the trial court's imposition of consecutive sentences and the aggregate term of incarceration to be moot. *See id.* at ¶ 37.

{¶4}    The state appealed this court's opinion to the Ohio Supreme Court. The Supreme Court held that this court had misapplied R.C. 2941.25 and remanded

the matter to this court to consider whether the aggravated-burglary and rape offenses against each victim were of similar import. *See State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 29.

{¶5}    This court concluded that the offenses were of similar import. *See State v. Ruff*, 1st Dist. Hamilton Nos. C-120533 and C-120534, 2015-Ohio-3367, ¶ 2 and 23. Consequently, we vacated the sentences for the aggravated-burglary and rape counts relating to P.F., K.B., and S.W., and we remanded the matters to the trial court so that the state could elect which allied offense it would pursue for purposes of sentence and conviction as to each victim. We affirmed the trial court's judgments in all other respects. *Id.* at ¶ 23, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus.

### *Ruff's Resentencing Hearing Following Our Remand*

{¶6}    Following our remand, the trial court held a new sentencing hearing at which the state elected to proceed to sentencing on the rape counts. In the case numbered B-0907091, the trial court merged the aggravated-burglary counts into the rape counts for P.F. and K.B. The trial court sentenced Ruff to ten years in prison for the rape of P.F., ten years in prison for the rape of K.B., and 60 months in prison for the sexual battery of K.P. It ordered that the terms be served consecutively, for a total of 25 years in prison. The trial court designated Ruff as a Tier III sex offender.

{¶7}    In the case numbered B-1000868, the trial court merged the aggravated-burglary count into the rape count for S.W. It sentenced Ruff to ten years in prison for the rape of S.W. and five years in prison for the attempted rape of L.H. It ordered that the terms be served consecutively, for a total of 15 years in prison. The trial court ordered the 25-year prison sentence imposed in the case

numbered C-0907091 to be served consecutively to the 15-year prison sentence imposed in the case numbered B-1000868, for an aggregate sentence of 40 years in prison.

### *Ruff's Sentences are not Contrary to Law*

{¶8}     In his sole assignment of error, Ruff argues that his sentences are contrary to law because the trial court failed to make the necessary findings for consecutive sentences, fully consider the purposes and principles of sentencing in R.C. 2929.11 and 2929.12, and notify him pursuant to R.C. 2929.19(B)(2)(f) that he cannot ingest or be injected with a drug of abuse and that he must submit to random drug testing in prison.   He additionally maintains that the trial court's judgment entries contain clerical errors stating that he had been found guilty following a bench trial, when he was, in fact, found guilty following a jury trial.

### *Scope of Resentencing Hearing for Allied Offenses*

{¶9}     The Ohio Supreme Court has held that when "a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant." *See Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at paragraphs one and two of the syllabus and ¶ 25.

{¶10}     In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, the Supreme Court stated that

> in a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de

novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.

{¶11}   The Supreme Court further stated that "a defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing." *See Wilson* at paragraph two of the syllabus.

{¶12}   In *Wilson*, the state had argued that res judicata precluded the defendant "from requesting the judge's disqualification and from objecting to the resulting sentence as disproportionate." *Id.* at ¶ 7.  The Supreme Court disagreed, holding that the doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence.  *Id.* With respect to the defendant's proportionality argument, the Supreme Court stated that because the scope of the defendant's new sentencing hearing included the trial court's consideration of R.C. 2929.11 when fashioning the new sentence, the defendant was not precluded from objecting to the sentence and claiming that it was inconsistent with the sentences imposed on similarly-situated defendants.  *Id.* at ¶ 31.

{¶13}   Further, the Supreme Court held that the doctrine of res judicata did not preclude the defendant from raising the issue of judicial bias.  The court held that the fact that the defendant had a previous appearance before the judge did not prohibit the defendant from making a claim of judicial bias during a subsequent proceeding before that same judge.  *Id.* at ¶ 32.

{¶14}   The Supreme Court held that any issues not successfully challenged in the defendant's prior appeal would be outside the scope of his resentencing

remand and would be precluded from further review under the principles of res judicata. *Id.* at ¶ 33.

{¶15}     In *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-140052, 2015-Ohio-3966, ¶ 8 and 13, this court, in reviewing the sentence imposed by the trial court following a remand for resentencing on allied offenses, addressed the merits of the defendant's arguments relating to the trial court's failure to make consecutive-sentencing findings and its failure to inform him regarding earned days of credit.  We declined, however, to address whether all the counts should have merged into one conviction pursuant to R.C. 2941.25, finding that this argument was barred by res judicata. *See id.* at ¶ 15.

### *Ruff's Arguments Are Not Barred by Res Judicata*

{¶16}     Here, contrary to the state's assertions, Ruff's arguments relating to the trial court's failure to make the findings for consecutive sentences, consider the purposes and principles of sentencing in R.C. 2929.11 and 2929.12, and notify him pursuant to R.C. 2929.19(B)(2)(f) that he cannot ingest or be injected with a drug of abuse and that he is required to submit to random drug testing in prison, arose out of his resentencing hearing and are not barred by res judicata.

{¶17}     When reviewing felony sentences, this court applies the standard articulated in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.   Under that section, we may only modify or vacate a defendant's sentence if we "clearly and convincingly find" that the record does not support the mandatory sentencing findings or that the sentence is otherwise contrary to law.  *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

### *Consecutive Sentences*

{¶18}     Ruff first challenges the trial court's imposition of consecutive sentences.  R.C. 2929.14(C)(4) requires the trial court to make certain findings before imposing consecutive sentences.   First, the trial court must find that consecutive sentences are necessary either to protect the public from future crime or to punish the offender.  The court must then find the imposition of consecutive sentences is not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public.

{¶19}     Finally, the court must find that one of the conditions listed in R.C. 2929.14(C)(4)(a)-(c) applies

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20}     In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, the Ohio Supreme Court held that when a trial court imposes consecutive sentences, it must not only announce the requisite consecutive-sentencing findings at the sentencing hearing, but it must also incorporate those findings into the sentencing entry.  The trial court is not required to provide a "word-for-word recitation of the language in the statute" or to provide reasons to support the findings, as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings.  *Id.* at ¶ 29 and syllabus.

{¶21}     The record reflects that the trial court complied with *Bonnell.*  It stated the required findings for consecutive sentences during the sentencing hearing and it incorporated those consecutive-sentencing findings into the sentencing entries.

{¶22}     In the case numbered B-0907091, the trial court found that consecutive sentences were necessary to protect the public and/or punish the offender, and that they were not disproportionate to the seriousness of the offender's conduct and the danger that Ruff posed to the public.  In addition, the court found that consecutive sentences were necessary because the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any offense committed as part of the one or more courses of conduct adequately reflected the seriousness of Ruff's conduct.  The court further found that consecutive sentences were necessary because Ruff's criminal history showed a need to protect the public.

{¶23}     In the case numbered B-1000868, the trial court found consecutive sentences were appropriate because

It is necessary to protect the public and/or punish the offender and is not disproportionate to the seriousness of the offender's conduct, nor the danger the offender poses to the public. In addition, it is necessary because the harm was so great or unusual that no single prison term for any offense committed as part of one or more courses of conduct would adequately reflect the seriousness of the offender's conduct and the offender's criminal history shows a need to protect the public.

{¶24} Contrary to Ruff's assertions, the trial court was not required to give any further reasoning to support its findings. *See State v. McGee*, 1st Dist. Hamilton No. C-150496, 2016-Ohio-7510, ¶ 32, citing *Bonnell* at syllabus. We, therefore, find no merit in Ruff's challenges to the court's imposition of consecutive sentences.

### R.C. 2929.11 and 2929.12 Factors

{¶25} Ruff further asserts that the trial court failed to consider the purposes and principles of sentencing as set forth in R.C. 2929.11 and 2929.12 when imposing maximum sentences for the rape offenses. This court has repeatedly held that R.C. 2929.11 and 2929.12 are not "fact finding" statutes, and that we may presume a trial court considered these factors absent an affirmative demonstration by a defendant to the contrary. *See State v. Kennedy*, 2013-Ohio-4221, 998 N.E.2d 1189, ¶ 118 (1st Dist.); *State v. Finnell*, 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, ¶ 54; *State v. Hendrix*, 1st Dist. Hamilton Nos. C-150194 and C-150200, 2016-Ohio-2697, ¶ 51. Ruff has made no such affirmative demonstration.

### *Drug Testing Notifications in R.C. 2929.19(B)(2)(f)*

{¶26} Ruff next argues that the trial court failed to inform him of the notifications set forth in R.C. 2929.19(B)(2)(f) that he not ingest illegal drugs or be injected with a drug of abuse and that he must submit to random drug testing while in prison. As he concedes in his appellate brief, this court has held that the trial court's failure to comply with R.C. 2929.12(B)(2)(f) does not prejudice a defendant because this statutory subsection confers no substantive rights upon a defendant. Thus, the trial court's failure to provide these notifications to Ruff is harmless error. *See State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801, ¶ 18; *State v. Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3345, ¶ 19; *Finnell* at ¶ 60.

### *Clerical Error in the Judgment Entries*

{¶27} Finally, Ruff contends that his judgment entries of conviction should be corrected to reflect that he was found guilty by a jury and not the trial court. The state concedes the error. We agree that because the error is merely a clerical one, it can be corrected with a nunc pro tunc entry. *See* Crim.R. 36; *State v. Sweeten*, 1st Dist. Hamilton No. C-150583, 2016-Ohio-5828, ¶ 23 (remanding for correction a similar error on a judgment entry).

{¶28} Because this court cannot clearly and convincingly find that Ruff's sentences are contrary to law, we overrule his sole assignment of error and affirm the judgments of the trial court. We remand the cause to the trial court to enter nunc pro tunc judgment entries reflecting that Ruff was convicted following a jury trial.

Judgments affirmed and cause remanded.

**ZAYAS, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry this date.

10