[Cite as *State v. Borger*, 2023-Ohio-2025.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220394 |
| | | TRIAL NO. B-2104466 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| LARRY BORGER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 21, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jeffery J. Cutcher*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}   Defendant-Appellant, Larry Borger, appeals the denial of his motion to suppress evidence, arguing that the trial court's denial was in error because he did not receive notification under R.C. 2951.02 prior to probation officers searching his home during a visit.   Because the notification requirement under R.C. 2951.02 does not provide constitutional grounds under which Borger can appeal, we affirm the trial court's decision.

## I.      Factual and Procedural Background

{¶2}   Borger was on community control ("on probation") in August 2021 for misdemeanor drug offenses.   As a condition of his community control, Borger was prohibited from using controlled substances and consuming alcohol.

{¶3}   Two probation officers arrived at Borger's house to assess his community control compliance and determine his treatment needs, if any.   Borger answered the door and immediately informed the probation officers he was "high as f---" before allowing them into his home.

{¶4}   Upon entering, the officers explained to Borger they would need to "look around."   Borger pointed the officers towards the bedroom, where they found a "crack pipe" in plain view on a bedside table.   Borger was then searched by one of the officers as a safety precaution and to prevent him from swallowing potential evidence.   The officer found a plastic baggie in Borger's pocket that Borger identified as a baggie of methamphetamines.

{¶5}   The officer promptly arrested Borger.   He was subsequently charged with aggravated possession of drugs.

{¶6} Borger filed a motion to suppress the evidence seized during the home visit, arguing that the search was unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 14 of the Ohio Constitution because he did not receive proper notice under R.C. 2951.02(A)(3). The trial court denied Borger's motion. Borger pleaded no contest to and was convicted of aggravated possession of drugs. This appeal timely followed.

## II.    Analysis

### A.    Constitutional Violation

{¶7} In his first assignment of error, Borger argues the trial court wrongly denied his motion to suppress because there was insufficient evidence to show that he received the notice required under R.C. 2951.02(A)(3) informing him that he could be searched, with or without a warrant, as a condition of his community control. Borger argues this failure to notify him of possible searches pursuant to the statute makes the warrantless search of his residence and person unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Section 14 of the Ohio Constitution.

{¶8} The review of a trial court's decision on a motion to suppress presents a mixed question of law and fact. *State v. Showes*, 1st Dist. Hamilton No. C-180552, 2020-Ohio-650, ¶ 9. This court must accept the trial court's findings of fact as true if competent, credible evidence supports them. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. However, this court must independently determine whether the facts satisfy the applicable legal standard. *Id.* at ¶ 8; *State v. Sweeten*, 1st Dist. Hamilton No. C-150583, 2016-Ohio-5828, ¶ 8.

**{¶9}** Borger argues that the lack of proof that he signed the rules of probation alerting him to the requirements of R.C. 2951.02(A)(3) before his home was searched amounts to a constitutional violation. But in *State v. Campbell*, Slip Opinion No. 2022-Ohio-3626, ¶ 12, 21, 23, the Supreme Court of Ohio determined that the failure of probation officers to give notice under R.C. 2951.02(A)(3) does not violate the Fourth Amendment, and further, that any violation of the statute cannot be remedied through evidentiary exclusion. While a probation "officer violates R.C. 2951.02(A) if the officer conducts a search without reasonable grounds to believe that the probationer violated the law or conditions of probation," a court cannot exclude evidence resulting from this type of illegal search because the exclusionary rule applies only to constitutional violations. *Id*. at 21, 23; *State v. Clardy*, 1st Dist. Hamilton No. C-210262, 2022-Ohio-4300, ¶ 21. Because *Campbell* prohibits this court from providing an exclusionary remedy for officer violations under R.C. 2951.02, an analysis of whether an officer violated the statute is irrelevant in cases requesting exclusion of evidence. *Clardy* at ¶ 22. An independent constitutional claim must be raised for this court to offer evidentiary exclusion as a remedy. *Id*. at ¶ 21; *Campbell* at ¶ 12, 21, 23.

**{¶10}** Borger only argues that his constitutional rights were violated through the failure of officers to comply with the statutory requirements of R.C. 2951.02(A)(3). He does not independently assert a constitutional violation. Because Borger does not assert a constitutional claim and no exclusionary remedy is available under R.C. 2951.02, we hold that no error occurred in the trial court's denial of his motion to suppress and overrule Borger's first assignment of error.

### B.      Consideration of the August 2021 Rules of Probation

**{¶11}**  Borger argues in his second assignment of error that the trial court improperly considered the August 23, 2021 signed rules of probation submitted by the prosecution after the hearing on the motion to suppress closed.  Contrary to Borger's argument, the trial court seemingly found that Borger signed the rules of probation prior to the search based on unrefuted officer testimony that Borger signed the community control conditions prior to the date of the search, rather than relying upon the actual signed document submitted after the hearing.  However, even were we to hold that the trial court improperly relied upon the signed rules submitted after the close of evidence, we cannot grant the exclusionary remedy that Borger seeks because, as explained above, Borger has not asserted a constitutional violation.  *See Campbell*, Slip Opinion No. 2022-Ohio-3626, at ¶ 23.  Borger's second assignment of error is accordingly overruled.

### C.      Inaccurate Findings of Fact

**{¶12}**  In his third and last assignment of error, Borger argues that the trial court relied on findings of fact not supported by the record when it determined he was detained prior to the search of his residence and person.  Even if the trial court had made inaccurate factual findings, those findings relate only to Borger's sole argument regarding compliance with R.C. 2951.02(A)(3), which is not a basis for excluding evidence.  *See id.* at ¶ 23.  As a result, we are constrained to overrule Borger's assignment of error because he has not asserted a constitutional violation under which exclusion can be granted as a remedy.

5

### III.    Conclusion

**{¶13}**   Because Borger does not raise a constitutional claim independent of the alleged statutory violation of R.C. 2951.02(A)(3), this court cannot provide an exclusionary remedy.  The trial court's judgment denying Borger's motion to suppress is accordingly affirmed.

Judgment affirmed.

**BERGERON, P.J.**, and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.